People v Dominguez (2018 NY Slip Op 07069)





People v Dominguez


2018 NY Slip Op 07069


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7442 3815/01

[*1]The People of the State of New York, Respondent,
v
Manuel Dominguez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered June 19, 2002, convicting defendant, after a jury trial, of forgery in the second degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years unanimously affirmed.
Initially, after balancing the relevant factors, we exercise our discretion to hear this appeal despite defendant's long delay in perfecting it.
The court properly declined to suppress any evidence as fruit of an allegedly unlawful seizure. The police had probable cause to arrest defendant based on reliable information from a store employee that defendant had attempted to use a credit card bearing a different name from the one he had used a few days earlier. The inference of criminal activity was compelling, and it was not rendered equivocal by the fact that innocent, but unlikely, explanations could be imagined (see generally People v Carrasquillo, 54 NY2d 248, 254 [1981]; see also Brinegar v United States, 338 US 160, 175 [1949]; People v Bigelow, 66 NY2d 417, 423 [1985]). Moreover, the existing probable cause was reinforced by defendant's flight from the police (see People v Howard, 50 NY2d 583, 592 [1980], cert denied 449 US 1023 [1980]).
Even assuming that certain statements made by defendant without Miranda warnings should have been suppressed because they were elicited by a question that fell outside the pedigree exception, any error was harmless in light of the overwhelming evidence of guilt (see People v Crimmins, 36 NY2d 230 [1975]).
At trial, the court providently exercised its discretion in receiving evidence that defendant made uncharged fraudulent purchases at another store with the same stolen credit card
earlier in the day. The evidence was relevant to the issue of intent, and its probative value outweighed any prejudicial effect (see People v Arafet, 13 NY3d 460 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK